UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALINA LEZCANO SAAVEDRA,

     Plaintiff,

v.                      CASE NO. 8:10-CV-1935-T-17TGW

USF BOARD OF TRUSTEES
and ANN DEBALDO,

     Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 11   Motion to Dismiss Second Amended Complaint
Dkt. 18   Response
Dkt. 23   Reply

The Second Amended Complaint includes the following claims:

     Count I:    Violation of FMLA, 29 U.S.C. Sec.
                  2612, et seq.
     Count II:   Public Policy Tort
     Count III:  Breach of Contract and
                  Declaratory Relief
     Count IV:   Misrepresentation and Deceit
     Count V:    Intentional Infliction of Emotional
                  Distress
     Count VI:   Negligent Infliction of Emotional Distress

In Count I, Plaintiff seeks statutory damages, liquidated damages, equitable relief, and attorney's fees and costs.  In Count II, Plaintiff seeks the relief in Count I, and compensatory damages, punitive damages, pre-judgment and post-judgment interest and court costs.  In Count III, Plaintiff seeks a judgment against both Defendants, jointly and severally, for the above relief, and for a declaration of the rights, duties and

Case No. 8:10-CV-1935-T-17TGW

liabilities of the parties.  In Count IV, Plaintiff seeks a
judgment against both Defendants, individually, and jointly and
severally, for compensatory damages, punitive damages, interests,
and attorney's fees and costs.  In Count V, Plaintiff seeks a
judgment against both Defendants, individually, and jointly and
severally, for damages as requested in previous Counts, interest,
and attorney's fees and costs.  In Count VI, Plaintiff seeks a
judgment against both Defendants, individually, and jointly and
severally, for damages and losses as requested in the previous
Counts.  Plaintiff requests a jury trial.


I.  Standard of Review


A.  Subject Matter Jurisdiction
     A motion to dismiss for lack of subject matter jurisdiction,
pursuant to Rule 12(b)(1), Federal Rules of Civil Procedure, can
be a facial attack or a factual attack.  In a facial attack, the
factual allegations of the Complaint are taken as true.  In a
factual attack, the Court may consider matters outside the
Complaint, and is free to weigh evidence and satisfy itself as to
the existence of its power to hear the case.  In a factual
attack, the allegations of the Complaint are not presumptively
true.  Where the attack on jurisdiction implicates the merits of
the plaintiff's federal cause of action, the Court should find
that jurisdiction exists and deal with the objection as a direct
attack on the merits of plaintiff's case, proceeding under Rule
12(b)(6) or Rule 56.  The exceptions to this rule are narrowly
drawn, and are intended to allow jurisdictional dismissals only
in those cases where the federal claim is clearly immaterial or
insubstantial.  See Williamson v. Tucker, 645 F.2d 404 (5th
Cir.), cert. denied, 454 U.S. 897 (1981).

2

Case No. 8:10-CV-1935-T-17TGW

B.  Failure to State a Claim

   "Under Federal Rule of Civil Procedure 8(a)(2), a complaint
must contain a "short and plain statement of the claim showing
that the pleader is entitled to relief." "[D]etailed factual
allegations" are not required, <u>Bell Atlantic v. Twombly</u>, 550 U.S.
544, 555 (2007), but the Rule does call for sufficient factual
matter, accepted as true, to "state a claim to relief that is
plausible on its face," <u>Id.</u>, at 570.   A claim has facial
plausibility when the pleaded factual content allows the court to
draw the reasonable inference that the defendant is liable for
the misconduct alleged. <u>Id.</u>, at 556.  Two working principles
underlie <u>Twombly</u>.  First, the tenet that a court must accept a
complaint's allegations as true is inapplicable to threadbare
recitals of a cause of action's elements, supported by mere
conclusory statements. <u>Id.</u>, at 555.  Second, only a complaint
that states a plausible claim for relief survives a motion to
dismiss.  Determining whether a complaint states a plausible
claim is context-specific, requiring the reviewing court to draw
on its experience and common sense. <u>Id.</u>, at 556.  A court
considering a motion to dismiss may begin by identifying
allegations that, because they are mere conclusions, are not
entitled to the assumption of truth.  While legal conclusions can
provide the complaint's framework, they must be supported by
factual allegations.  When there are well-pleaded factual
allegations, a court should assume their veracity and then
determine whether they plausibly give rise to an entitlement to
relief.  <u>See</u> <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1955-1956
(2009)(quoting <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544 (2007).

3

Case No. 8:10-CV-1935-T-17TGW

II.   Discussion

        Defendants move to dismiss the Second Amended Complaint
under Fed.R.Civ.P. 12(b)(1) and 12(b)(6).

A.   Jurisdiction
1.   Count I - FMLA

        Defendants move to dismiss Count I as to Defendant Ann
DeBaldo in her individual capacity based on lack of subject
matter jurisdiction.   See Wascura v. Carver, 169 F.3d 683, 685
(11th Cir. 1999).

        Plaintiff Saavedra opposes the dismissal of Count I as to
Defendant DeBaldo in her individual capacity.

        There is a split of authority as to individual supervisory
liability for FMLA violations.   The Court notes that Wascura v.
Carver, supra, remains the controlling authority in the Eleventh
Circuit.   The Court therefore **grants** the Motion to Dismiss Count
I as to Defendant DeBaldo in her individual capacity.

2.   Counts II, III, IV, V and VI

        Defendants move to dismiss Counts II, III, IV, V and VI as
to Defendant USF Board of Trustees ("USFBOT") and Defendant Ann
DeBaldo in her official capacity, based on Eleventh Amendment
immunity.   Defendants argue that USFBOT is a state agency
entitled to immunity from suit for the above claims in federal
court.   Defendants further argue that Defendant DeBaldo, in her
official capacity, is an agent of the state for Eleventh

4

Case No. 8:10-CV-1935-T-17TGW

Amendment purposes, and is entitled to immunity from suit for the above claims in federal court.

Plaintiff Saavedra opposes Defendants' motion.  Plaintiff Saavedra argues that Defendants are not entitled to Eleventh Amendment immunity as to Count I, violation of the FMLA. Plaintiff Saavedra further argues that Eleventh Amendment immunity does not automatically extend to Plaintiff's pendent state claims, Counts II, III, IV, V and VI.

In Counts II through VI, Plaintiff Saavedra seeks the award of damages against Defendants USFBOT and Ann DeBaldo in her official capacity, in addition to other relief.  The Eleventh Amendment prohibits federal courts from exercising subject matter jurisdiction in suits brought against a state by a citizen of that state.  The Eleventh Amendment extends to state agencies and other arms of the state.  State agencies are immune from suit under the Eleventh Amendment unless their immunity is either waived by the state or abrogated by Congress.  Gamble v. Fla. Dept. of Health and Rehabilitative Services, 779 F.2d 1509, 1511 (11th Cir. 1986)(citing Edelman v. Jordan, 415 U.S. 651 (1974)).

The Court takes judicial notice of Florida Board of Governors Regulation 1.001(2)(g), which provides that: "Each board of trustees shall be primarily acting as an instrumentality of the state pursuant to s. 768.28, Florida Statutes, for purposes of sovereign immunity."  Any award of damages against Defendant USFBOT would come from the State of Florida.  Any award of damages as to Defendant DeBaldo in her official capacity would come from the State of Florida.

5

Case No. 8:10-CV-1935-T-17TGW

In <u>Schopler v. Bliss</u>, 903 F.2d 1373, 1379 (11th Cir. 1990),
the Eleventh Circuit Court of Appeals states:

> In order to constitute waiver of Eleventh
> Amendment immunity from suit in federal
> court, however, a state statute must employ
> language that is either explicit or else
> admits of no other reasonable
> interpretation...Evidence that a state has
> waived sovereign immunity in its own courts
> is not by itself sufficient to establish
> waiver of Eleventh Amendment immunity from
> suit in federal court....This court has held
> that section 768.28 does not waive Florida's
> Eleventh Amendment immunity...To the
> contrary, subsection 768.28(16) declares the
> legislature's intention that Florida statutes
> not be construed to waive Eleventh Amendment
> immunity unless they explicitly waive
> immunity from suit in federal court.

(Internal citations omitted).

Florida has not waived Eleventh Amendment immunity from suit
in federal court as to Counts II, III, IV, V and VI. After
consideration, the Court **grants** Defendants' Motion to Dismiss
Counts II, III, IV, V and VI based on Eleventh Amendment
immunity.

B. Failure to State a Claim

1. Count I - FMLA

Defendants move to dismiss Count I because Plaintiff
Saavedra does not allege facts that establish Plaintiff is an
eligible employee for FMLA purposes, and because Plaintiff does
not allege facts which identify the family member and serious

6

Case No. 8:10-CV-1935-T-17TGW

health condition.

Plaintiff Saavedra denies that the Second Amended Complaint is insufficient or formulaic, or that there are inadequate facts setting forth a proper cause of action. Plaintiff Saavedra requests leave to amend in the event that the Court determines the pleadings are inadequate to support any particular cause of action.

The FMLA grants an eligible employee the right to take up to twelve workweeks of unpaid leave annually for any one or more of several reasons, including the care of a spouse, son, daughter or parent of the employee. See 29 U.S.C. 2612(a)(1)(C). An "eligible employee" means an employee who has been employed: i) for at least 12 months by the employer with respect to whom leave is requested under Section 2612; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period. See 29 U.S.C. Sec. 2611(2)(A)

There are two types of claims under the FMLA, "interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights, and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." Strickland v. Water Works & Sewer Bd. Of Birmingham, 239 F.3d 1199, 1206 (11th Cir. 2001). The FMLA provides that "any employer" who interferes with or denies any rights provided to an employee under the FMLA is liable for damages. See 29 U.S.C. 2617(a)(2008). The FMLA defines "employer" as "any person engaged in commerce or in any industry affecting commerce who employs 50 or more employees for each

7

Case No. 8:10-CV-1935-T-17TGW

working day during each of 20 or more calendar workweeks in the current or preceding calendar year." See 29 U.S.C. Sec. 2611(4)(A)(i)(2008).

To establish an interference claim, "an employee need only demonstrate by a preponderance of the evidence that he was entitled to the benefit denied." Strickland at 1207.

To establish a prima facie case of FMLA retaliation, a plaintiff must show: 1) that he engaged in statutorily protected activity; 2) he experienced an adverse employment action; and 3) there is a causal connection between the protected activity and the adverse action. Hurlbert v. St. Mary's Health Care System, Inc., 439 F.3d 1286, 1297 (11th Cir. 2006).

In the Second Amended Complaint, Plaintiff Saavedra alleges that 1) Plaintiff commenced her employment with Defendants on or about July 25, 2008; 2) on various dates in November of 2008, Plaintiff took a qualified leave from work in accordance with the FMLA; 3) Commencing on January 2, 2009 and continuing through March 16, 2009, Plaintiff took a second qualified leave from work which included sick leaves, vacation time and FMLA-qualified leave; 4) Upon Plaintiff's return to work, Plaintiff indicated Plaintiff was still dealing with one or more sick and critically ill family members at home; 5) Upon Plaintiff's return and continuing through June 30, 2009, Plaintiff was hassled about taking FMLA leave and other terms and conditions regarding her job (Dkt. 6, p 2).

After consideration, the Court finds that Plaintiff has not

8

Case No. 8:10-CV-1935-T-17TGW

alleged facts that show Plaintiff was an eligible employee or
facts which identify the family member for which Plaintiff took
leave as Plaintiff's parent, child or spouse, and which identify
the serious health condition.  The Court **grants** Defendants'
Motion to Dismiss, with leave to file a Third Amended Complaint
within fourteen days.

Defendants also move to dismiss Count I as to Defendant
DeBaldo in her official capacity as duplicative of Plaintiff's
claim against Defendant USFBOT.  Since Plaintiff Saavedra named
Plaintiff's employer as a Defendant, it is not necessary to also
name Defendant DeBaldo as agent of the employer.  Schopler v.
Bliss, 903 F.2d 1373 (11th Cir. 1990); Busby v. City of Orlando,
931 D.2d 784 (11th Cir. 1991).  After consideration, the Court
**grants** Defendants' Motion to Dismiss as to Defendant DeBaldo in
her official capacity as to Count I.

2.  Count II - Public Policy Tort

Defendants seek dismissal of Count II with prejudice because
Florida does not recognize a common law cause of action for
wrongful or retaliatory discharge, and there is no specific
statutory authority granting a cause of action for wrongful or
retaliatory discharge.

A common law cause of action for retaliatory or wrongful
discharge does not exist in Florida.  See Hartley v. Ocean Reef
Club, Inc., 476 So.2d 1327 (Fla. 3d DCA 1985).

Granting leave to Plaintiff Saavedra to amend Count II would

9

Case No. 8:10-CV-1935-T-17TGW

be futile.  After consideration, the Court **grants** Defendants'
Motion to Dismiss Count II with prejudice.

3.  Count III - Breach of Contract and Declaratory Relief

Defendants move to dismiss for failure to state a claim
because Plaintiff Saavedra does not specify the essential terms
of any agreements entered into with Plaintiff by Defendants.
Defendants move to dismiss the Count III as to Defendant DeBaldo
in her individual capacity with prejudice, as Plaintiff Saavedra
does not allege the existence of any express or implied contract
between Plaintiff Saavedra and Defendant DeBaldo in her
individual capacity, but only express or implied promises that
related to Plaintiff's employment with Defendant USFBOT.

Defendants argue that the only authority Defendant DeBaldo
had over the terms and conditions of Plaintiff Saavedra's
employment stemmed from Defendant DeBaldo's official capacity as
an employee of the University.  Defendants further argue that, to
the extent that Plaintiff alleges express or implied promises
were made by Defendant DeBaldo, such promises could only have
been made in her official capacity.

Plaintiff Saavedra has requested leave to amend; however,
accepting as true that Defendants made promises to Plaintiff
Lezcano related to Plaintiff's employment, it would be futile to
grant leave to amend Count III as to Defendant DeBaldo in her
individual capacity.  After consideration, the Court grants
Defendants' Motion to Dismiss Count III with prejudice as to
Defendant DeBaldo in her individual capacity.

10

Case No. 8:10-CV-1935-T-17TGW

4.   Count IV - Misrepresentation and Deceit

    Defendants move to dismiss because Plaintiff Saavedra does
not allege the elements of a claim for fraudulent
misrepresentation.  Defendants further move to dismiss because
Plaintiff's allegations consist of bare legal conclusions without
sufficient factual allegations which establish fraudulent
misrepresentation.  The Court notes that a claim for fraudulent
misrepresentation is subject to the heightened pleading
requirements of Rule 9(b), Fed.R.Civ.P.  Mizzaro v. Home Depot,
Inc., 544 F.3d 1230, 1237 (11th Cir. 2008).  When pleading fraud,
a plaintiff should specifically identify the individuals who made
the alleged misrepresentations, the time of the alleged fraud,
and the place of the alleged fraud.  Raber v. Osprey, Alaska,
Inc., 187 F.R.D. 675, 680 (M.D. Fla. 1999).

    Under Florida law, a plaintiff must allege: 1) a
misrepresentation of a material fact; 2) which the person making
the misrepresentation knew or should have known to be false; 3)
that the misrepresentation was made for the purpose of inducing
another person to rely upon it; 4) that the person relied on the
misrepresentation to his detriment; and 5) that this reliance
caused damages.  See Romo v. Amedex Ins. Co., 930 So.2d 643, 650-
51 (Fla. 3d DCA 2006).

    After consideration, the Court **grants** Defendants' Motion to
Dismiss, with leave to file a Third Amended Complaint within
fourteen days as to Count IV.

11

Case No. 8:10-CV-1935-T-17TGW

5.  Count V - Intentional Infliction of Emotional Distress

Defendants seek to dismiss Plaintiff's claim for intentional infliction of emotional distress with prejudice because this is not a case involving both persistent verbal abuse coupled with repeated offensive physical contact.  Plaintiff Saavedra alleges only "harassment before termination, humiliating treatment, extraordinary and irregular work assignments, excessive levels of micro-management and other forms of unorthodox workplace management."  (Dkt. 6, par. 43).  Defendants argue Plaintiff's allegations are not close to those which establish conduct "beyond all possible bounds of decency,...atrocious and utterly intolerable in a civilized community."  Mundy v. Southern Bell Telephone and Telegraph Co., 676 F.2d 503, 504 (11th Cir. 1982); Callaway v. Hernandez, 2010 WL 1249936, *10 (M.D. Fla. 2010)(citing Byrd v. BT Foods, Inc., 948 So.2d 921, 928 (Fla. 4th DCA 2007).

The issue before the Court is whether the allegations of the Second Amended Complaint rise to the level of "outrageous conduct" under state law.  McCray v. Holt, 777 F.Supp. 945 (S.D. Fla. 1991).  See Ponton v. Scarfone, 468 So.2d 1009, 1011 (Fla. 2d DCA 2985).  Mere indignities and insults in the workplace do not rise to the level of "outrageous conduct" under Florida law. Even if every allegation of the Second Amended Complaint is accepted as true, the claim for intentional infliction of emotional distress is due to be dismissed.  See e.g. Scheller v. American Medical International, Inc., 502 So.2d 1268, 1270-1271 (Fla. 4th FCA 1987).  After consideration, the Court **grants** Defendants' Motion to Dismiss with prejudice.

12

Case No. 8:10-CV-1935-T-17TGW

6.  Count VI - Negligent Infliction of Emotional Distress

Defendants seek to dismiss Plaintiff's claim for negligent
infliction of emotional distress because Plaintiff Saavedra
includes no allegation of physical contact and resulting physical
injury.  Defendants argue that Plaintiff's claim does not fall
within the narrow exceptions to the impact rule permitted by
Florida law.   Defendants also argue that Plaintiff's negligence
claim is not based on underlying tort but only an alleged
statutory violation, retaliation in violation of the FMLA.

Count VI does not include allegations of emotional distress
which flow from a physical injury sustained in a physical impact.
After consideration, the Court **grants** Defendants' Motion to
Dismiss with prejudice.

C.  Punitive Damages and Pre-Judgment Interest

Defendants USFBOT and Ann DeBaldo in her official capacity
move to dismiss Plaintiff Saavedra's request for the award of
punitive damages in Count II and Plaintiff's request for the
award of pre-judgment interest in Count II, based on the Sec.
768.28(5), Florida Statutes (2010).

Based on the specific provisions of the statute, the Court
**grants** Defendants' Motion to Dismiss as to punitive damages and
pre-judgment interest in Count II.

D.  Attorney's Fees

Defendants seek the dismissal of Plaintiff Saavedra's

13

Case No. 8:10-CV-1935-T-17TGW

request for the award of attorney's fees in Counts IV, V and VI, because those Counts are common law claims that do not support Plaintiff's request.  Defendants argue no contractual agreement or statutory authority supports Plaintiff's request as to Counts IV, V and VI, and should be dismissed.  <u>Trytek v. Gale Industries, Inc.</u>, 3 So.3d 1194, 1198 (Fla. 2009).

After consideration, the Court **grants** Defendants' Motion to Dismiss as to attorney's fees sought in Counts IV, V and VI.  Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss the Second Amended Complaint (Dkt. 11) is **granted** as follows:

1.   Count I is dismissed as to Defendant DeBaldo in her individual capacity for lack of subject matter jurisdiction;

2.   Counts II, III, IV, V and VI are dismissed as to Defendant USFBOT and Defendant DeBaldo in her official capacity, based on Eleventh Amendment immunity;

3.   Count I is dismissed as to Defendant DeBaldo in her official capacity;

4.   Count I is dismissed as to Defendant USFBOT for failure to state a claim, with leave to file an amended complaint within fourteen days;

5.   Count II is dismissed with prejudice as a matter of law as to Defendant DeBaldo in her individual capacity;

14

Case No. 8:10-CV-1935-T-17TGW

6.   Count III is dismissed with prejudice as to Defendant DeBaldo in her individual capacity;

7.   Count IV is dismissed with leave to file an amended complaint within fourteen days as to Defendant DeBaldo in her individual capacity;

8.   Count V is dismissed with prejudice as to Defendant DeBaldo in her individual capacity;

9.   Count VI is dismissed with prejudice as to Defendant DeBaldo in her individual capacity;

10.   As to Count II, Plaintiff's request for the award of punitive damages and pre-judgment interest is dismissed;

11.   As to Counts IV, V and VI, Plaintiff's request for the award of attorney's fees is dismissed.

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 6th day of May, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

15